Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **Cruz Valdés Vázquez**<br><br>Demandante<br><br>vs.<br><br>**Hermanos RBB, Corp.**<br><br>Apelante<br><br>**Cruz A. Valdés Claudio**<br><br>Apelado (Interventor) | TA2026AP00493 | **APELACIÓN**<br>procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>**Civil Núm.:**<br>CG2019CV03413<br>Salón 201<br><br>**Sobre:**<br>Cobro de Dinero – Ordinario y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 18 de junio de 2026.

Comparece ante nos Hermanos RBB, Corp. (Hermanos RBB o parte apelante) y solicita que revisemos la *Sentencia* emitida el 26 de marzo de 2026, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante dicha sentencia, el TPI desestimó, con perjuicio, la reconvención instada por Hermanos RBB.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

### I.

El caso de autos contiene un extenso y accidentado tracto procesal. En esta ocasión nos circunscribiremos a los hechos pertinentes a la controversia que nos atañe.

Según surge del expediente, en el 2014, el señor Cruz A. Valdés Vázquez (señor Valdés Vázquez) incoó una demanda sobre cobro de dinero (caso núm. ECD2014-0301) contra Hermanos RBB, quien, en respuesta, instó una reconvención. El TPI dictó sentencia

en contra de Hermanos RBB. La reconvención fue desestimada sin perjuicio debido a que la corporación no compareció al juicio pautado y no presentó prueba que sostuviera sus alegaciones.

Posteriormente, el 11 de septiembre de 2019, el señor Valdés Vázquez entabló una demanda sobre cobro de dinero y ejecución de hipoteca contra Hermanos RBB. El 20 de noviembre de 2019, Hermanos RBB, por conducto de su presidente, el señor Edwin González López, contestó la demanda y presentó una reconvención. El 22 de noviembre de 2019, Valdés Vázquez contestó la reconvención.

Tras múltiples trámites procesales, el 15 de abril de 2021, Hermanos RBB, luego de advenir en conocimiento del fallecimiento del señor Valdés Vázquez, solicitó al Tribunal que emitiera una orden para que se efectuara la sustitución requerida por la Regla 22.1 de Procedimiento Civil, *infra*. El 19 de abril de 2021, el TPI emitió una *Resolución y Orden*, por medio de la cual, entre otras cosas, ordenó a la Sucesión del señor Valdés Vázquez cumplir con el término de 20 días para la sustitución de parte.

Trascurrido el tiempo sin que la Sucesión del señor Valdés Vázquez solicitara la sustitución correspondiente, el 3 de mayo de 2024, Hermanos RBB requirió al Tribunal que lo sustituyera por sus herederos, de conformidad con la Regla 58.7 de Procedimiento Civil.[1] Solicitó, además, el emplazamiento e interpelación de los herederos desconocidos mediante edicto. Esto último fue autorizado por el foro *a quo* en una *Orden* dictada el 6 de mayo de 2024. Al cabo de varios incidentes procesales, el 14 de junio de 2024, el Tribunal dictó una *Sentencia Parcial* que desestimó la demanda al amparo de la Regla 39.2 (b) de Procedimiento Civil, *infra*, pero mantuvo vigente la reconvención. Así las cosas, el 14 de octubre de 2024, el foro de

---

[1] 32 LPRA Ap. V, R. 58.7.

instancia dictó una *Sentencia Sumaria* en rebeldía a favor de Hermanos RBB.

Ulteriormente, el 27 de enero de 2026, el señor Cruz Alberto Valdés Vázquez, como único heredero de la Sucesión del señor Valdés Vázquez, incoó, sin someterse a la jurisdicción del Tribunal, una *Urgente Solicitud de Nulidad de Sentencia Sumaria por Falta de Jurisdicción, Nulidad de Subasta y Desestimación de Reconvención con Perjuicio.* En esencia, arguyó que la *Sentencia Sumaria* dictada era nula, por lo que carecían de validez jurídica todas las actuaciones posteriores, incluyendo la anotación de rebeldía, la ejecución de sentencia, el mandamiento expedido, la subasta judicial celebrada y su orden de confirmación. Lo anterior, toda vez que:

1. El Tribunal carecía de jurisdicción para continuar los procedimientos y adjudicar la reconvención luego del fallecimiento del demandante Cruz A. Valdés Vázquez, sin que se hubiera realizado una sustitución válida y oportuna conforme a la Regla 22.1 de Procedimiento Civil, privando al Tribunal de jurisdicción sobre una parte indispensable y quebrantando el debido proceso de ley;

2. Se violentaron las garantías mínimas del debido proceso de ley al anotarse la rebeldía y dictarse una Sentencia Sumaria contra una parte en rebeldía, sin celebración de vista, sin presentación ni contradicción de prueba, alterando la naturaleza de la reclamación y excediendo de forma manifiesta la cuantía solicitada, en abierta contravención de las Reglas 42.4, 45.1 y 45.2 de Procedimiento Civil y de la jurisprudencia aplicable; y

3. La ejecución de sentencia y la venta judicial del inmueble se llevaron a cabo sin base legal, al expedirse un mandamiento de venta judicial sin que existiera una orden previa de embargo del bien inmueble, sin cumplimiento con las Reglas 56.3 y 56.4 de Procedimiento Civil, y sin que la Sentencia dispusiera expresamente la venta judicial, como exigirían las Reglas 51.3(a) o 51.3(b), viciando de nulidad absoluta el mandamiento, la subasta y cualquier orden de confirmación.

Ante ello, adujo que se debía emitir una orden dirigida al Registrador de la Propiedad para que anulara la inscripción de la venta judicial a favor de Hermanos RBB. Además, esbozó que

procedía la desestimación con perjuicio de la reconvención por falta de jurisdicción, al ser la segunda vez que se desestimaba la misma causa de acción (la primera desestimación bajo el caso ECD2014-0301). Hermanos RBB se opuso oportunamente al petitorio del señor Valdés Claudio.

El **24 de febrero de 2026**, notificada el **26 de febrero de 2026**, el TPI dictó una *Orden*, en la cual determinó lo siguiente:

> Ha lugar.
>
> Se deja sin efecto la sentencia de 14 de octubre de 202[4].
>
> Se declara nula la subasta llevada a cabo el 3 de noviembre de 2025.
>
> Tenga la parte interventora tres (3) días para someter proyecto al Registrador del Registro de la Propiedad.
>
> **Además, tenga la parte demandante diez (10) días para someter la enmienda a la reconvención**. (Énfasis nuestro).

El **9 de marzo de 2026**, el señor Valdés Claudio solicitó reconsideración del término concedido a Hermanos RBB para la enmienda. En esa dirección, sostuvo que procedía la desestimación con perjuicio de la reconvención, toda vez que la corporación incumplió con su deber de sustituir a la parte demandante conforme a derecho. Añadió que la reconvención constituía un segundo pleito basado en las mismas alegaciones y reclamaciones previamente presentadas y desestimadas, por lo que la desestimación debía ser con perjuicio. El **10 de marzo de 2026**, el TPI notificó una *Orden* mediante la cual le concedió 10 días a Hermanos RBB para exponer su posición.

Tras el Tribunal concederle una prórroga, el **25 de marzo de 2026**, Hermanos RBB se opuso a la solicitud de reconsideración. Suplicó que se le permitiera realizar la enmienda correspondiente a la reconvención para conformarla con la sustitución de parte. En la alternativa, del Tribunal decretar la desestimación, pidió que fuera sin perjuicio.

Llegado a este punto, el **26 de marzo de 2026**, notificada al día siguiente, el TPI dictó la *Sentencia* que hoy revisamos. Según adelantamos, el foro primario desestimó, con perjuicio, la reconvención, y concluyó que:

> Del expediente surge que, el 3 de mayo de 2024 la parte demandada le acreditó al Tribunal que la parte demandante había fallecido desde el 24 de febrero de 2021. Por lo que, tenía hasta el 1 de agosto de 2024 para enmendar su reconvención con el propósito de incluir a Cruz Alberto Valdés Claudio y de desconocer su nombre podía denominarlo con un nombre ficticio. Sin embargo, ello no ocurrió.
>
> Además, la parte demandada, previamente, en el caso ECD201-0301 había presentado la misma causa de acción que en el caso de autos. En aquella ocasión el Tribunal dictó sentencia sin perjuicio, ya que la parte aquí demandada y allá demandante decidió no comparecer a la vista en su fondo. Así pues, nos vemos en la obligación de desestimar con perjuicio la reconvención de conformidad con la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2.

En desacuerdo con la determinación del foro *a quo*, el 10 de abril de 2026, Hermanos RBB presentó una *Reconsideración*. La misma fue declarada *No Ha Lugar* por el TPI mediante *Resolución* notificada el 13 de abril de 2026.

Aun inconforme, Hermanos RBB acude ante nos en el recurso de apelación que nos ocupa. En el mismo hizo el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al desestimar con perjuicio la reconvención incoada por la parte apelante por haber incumplido con la Regla 22.1 de Procedimiento Civil, sobre sustitución de parte y, consecuentemente, haber dejado sin efecto una sentencia previa dictada en rebeldía.

El 4 de junio de 2026, la parte interventora-apelada, el señor Valdés Claudio presentó su alegato en oposición. Procedemos a resolver.

**II.**

La Regla 22.1 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1 (b), regula lo relativo a la sustitución de parte por razón de muerte. Esta dispone lo siguiente:

> **Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días, contados desde la fecha en que se conozca tal hecho. El tribunal, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas.** Los (Las) causahabientes o representantes podrán presentar la solicitud de sustitución del (de la) finado(a), y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 de este apéndice y a las que no lo sean en la forma que dispone la Regla 4 de este apéndice. La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito. **Transcurrido el término sin haberse solicitado la sustitución, se dictará sentencia desestimando el pleito, sin perjuicio.** (Énfasis nuestro).

El propósito de la Regla 22.1 de Procedimiento Civil, *supra*, es establecer un mecanismo procesal mediante el cual, cuando una parte falleciere y la acción no quedare por ello extinguida, dicha acción se pueda continuar a favor o en contra de la parte realmente interesada. *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664, 684 (1989). Los términos mencionados en la Regla pueden ser prorrogados por los tribunales en el ejercicio de su discreción, a tenor con lo dispuesto en la Regla 68.2 de Procedimiento Civil.[2] *Echevarría Jiménez v. Sucn. Pérez Meri, supra*, pág. 685.

### III.

En la presente causa, el TPI desestimó la reconvención instada por la parte apelante por no haberla enmendado oportunamente con el propósito de incluir al señor Valdés Claudio en el pleito. El foro de instancia expuso que, desde el 3 de mayo de 2024, se le acreditó el fallecimiento del señor Cruz Vázquez. A esos efectos, concluyó que la parte aquí apelante tenía hasta el 1 de agosto de 2024 para realizar la enmienda, lo cual no ocurrió. Consecuentemente, desestimó la reconvención, con perjuicio, toda

---

[2] 32 LPRA Ap. V, R. 68.2.

vez que, en el caso núm. ECD2014-0301, el TPI dictó sentencia sin perjuicio bajo la misma causa de acción que en el caso de autos.

Luego de analizar detenidamente el expediente y los argumentos de las partes, somos del criterio de que el foro *a quo* abusó de su discreción al emitir su pronunciamiento.

La Regla 22.1 de Procedimiento Civil, *supra*, expone que, el Tribunal, a solicitud hecha dentro de los 90 días siguientes a la fecha de la notificación del fallecimiento de la parte, ordenará su sustitución. La Regla es clara en estipular que, una vez transcurra el término sin haberse **solicitado** la sustitución, se dictará sentencia desestimando el pleito, sin perjuicio. Nada en la mencionada Regla obliga al foro primario apercibir a las partes sobre las consecuencias de no ejecutar la sustitución o imponer sanciones a los abogados previo a desestimar la demanda. Es decir, la desestimación sin perjuicio bajo la aludida Regla es posible una vez trascurrido el término sin que se haya sustituido a la parte fallecida.

Sin embargo, resaltamos que, el **26 de febrero de 2026**, el Tribunal de Primera Instancia notificó una *Orden*, por medio de la cual, **tras dejar sin efecto la *Sentencia Sumaria* emitida el 14 de octubre de 2024**, le confirió **10 días a la parte aquí apelante para someter la enmienda a la reconvención**.

A raíz de lo anterior, el señor Valdés Claudio presentó una solicitud de reconsideración referente a los 10 días otorgados a la parte apelante para someter la enmienda concernida y, a su vez, esta última se opuso a dicho petitorio. En consecuencia, el TPI dictó la *Sentencia* impugnada, centrándose en que la parte apelante incumplió con las disposiciones de la Regla 22.1 de Procedimiento Civil, *supra*.

De la *Sentencia* surge que la juzgadora de los hechos computó el término de 90 días aplicable a partir del 3 de mayo de 2024. Ello, aun cuando la parte apelante solicitó la sustitución requerida y la

interpelación de los herederos desconocidos mediante edictos y obtuvo una *Sentencia Sumaria* a su favor el 14 de octubre de 2024. Dicha sentencia se declaró nula en febrero del año en curso. Del expediente también surge que, al menos desde abril de 2021, la parte apelante ha sido proactiva en el cumplimiento con las disposiciones de la Regla 22.1 de Procedimiento Civil, *supra.*

Así las cosas, debido a las particularidades del caso, resolvemos intervenir con la actuación del foro primario y revocar el pronunciamiento en cuestión. El accidentado e inconsistente trámite procesal acaecido en el foro de instancia, hace razonable el otorgar un término perentorio a la parte apelante para que realice la sustitución de parte y la enmienda correspondiente.

**IV.**

Por los fundamentos antes esbozados, ***revocamos*** la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas. Devolvemos el caso al foro de instancia para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones